# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GILBERTO LOPEZ,** | Civil Action No. 17-5381 (MCA) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **CHARLES GREEN,** | |
| **Respondent.** | |

This matter has been opened to the Court by Petitioner's filing of a petition for a writ of habeas corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241. For the reasons explained in this Memorandum Opinion, the Court will deny the petition without prejudice because Petitioner has already received a bond hearing, which is the only relief this Court can provide him.

Respondent's Answer establishes the following relevant facts. (*See* ECF Nos. 4-5.) Petitioner, a native and citizen of Mexico, entered the United States at an unknown place or unknown date, and he was neither admitted nor paroled after being inspected by an Immigration Officer. (*See* Ex. A – Notice to Appear; see also Ex. B – Record of Deportable/Inadmissible Alien.) Petitioner was encountered by ICE during his incarceration after his arrest by the Perth Amboy Police Department for criminal charges of sexual assault of a minor and child endangerment or abuse pursuant to N.J.S.A. §§ 2C:14-2B and 2C:24-4A(2). (Ex. B at 2.) Petitioner was charged by DHS as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).1. (*See* Ex.

1

A; Ex. B at 1.) DHS served Petitioner with a Notice to appear on January 18, 2017. (Ex. A at 3.)

DHS took Petitioner into custody on the same day and determined that he was subject to discretionary detention under 8 U.S.C. § 1226(a). (*See* Ex. C – Notice of Custody Determination.) Petitioner requested a redetermination of the custody decision before an IJ. (Ex. C at 1, 3.) On February 14, 2017, Petitioner appeared before an IJ, who denied the request for change in custody. (*See* ECF No. 5, Ex. D – Order of the Immigration Judge with Respect to Custody.) Petitioner does not allege nor has ICE provided to Respondent any documentation to evidence that an appeal of this decision was filed with Board of Immigration Appeals ("BIA"). Instead, Petitioner filed a petition for writ of habeas corpus on July 20, 2017.

In the instant habeas petition, Petitioner appears to allege unlawfully prolonged detention by ICE pursuant to either 8 U.S.C. §1226(c) (the pre-order mandatory detention provision) or 8 U.S.C. § 1231 (the post final order detention provision). (*See* Petition at 3,8.)

However, based on the record provided by Respondent, Petitioner is detained pursuant to 8 U.S.C. § 1226(a) (the discretionary pre-order detention provision), and has already received a bond hearing, at which time he was denied release by the Immigration Judge. (*See* Ex. D.) Since he has already been afforded the only remedy available to him in this habeas action and has not alleged that the bond hearing was not bona fide, there is no relief the Court can provide him. *See Mendoza v. Green*, No.: 16-1447 (JLL), 2016 WL 4208439, at *2 (D.N.J. Aug. 8, 2016) (petition denied without prejudice because petitioner had already received a bond hearing, the only relief available to him, and the court does not have authority to review the denied of a bond by an immigration judge); *Pena v. Davies*, No. 15- 7291 (KM), 2016 WL 74410 (D.N.J.

2

Jan. 5, 2016) (habeas petition denied because petitioner was afford a bona fide bond hearing) (citing 8 U.S.C. § 1226(e)) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole."). To the extent Petitioner is arguing that the IJ erred in the decision to deny his bond, this Court does not have jurisdiction to review that decision. *See Reeves v. Johnson*, No. 15-1963 (SRC), 2015 WL 138942 at *3 (D.N.J. Mar. 24, 2015) (Chesler, J.) ("The present petition might be liberally construed as containing a claim that the IJ erred in finding Petitioner to be a flight risk because he has been a law-abiding citizen for many years after his criminal conviction. This Court, however, does not have jurisdiction over discretionary agency decisions.") (citing *Pisciotta v. Ashcroft*, 311 F. Supp.2d 445, 454 (D.N.J. 2004) (Greenaway, J.)); *Morrison v. Elwood*, No. 12-4649 (PGS), 2013 WL 323340 (D.N.J. Jan. 18, 2013) ("This Court ...has no mandate to second guess a substantive outcome of [a bond hearing] held by Petitioner's immigration judge: the entities endowed with the power of appellate review of immigration judges are the Board of Immigration Appeals and the United States Courts of Appeals. This Court's power to entertain habeas applications...which – with respect to the claims raised by pre-removal order alien detainees –allows relief limited to a directive of a bond hearing." (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011)). Finally, to the extent Petitioner contends that he is entitled to periodic bond hearings, the Supreme Court, in *Jennings v. Rodriguez*, 138 S. Ct. 830, 847–48, 200 L. Ed. 2d 122 (2018), recently held that nothing the text of § 1226(a) supports the imposition of periodic bond hearings. *Id.* (explaining that "[n]othing in § 1226(a)'s text—which says only that the Attorney

General "may release" the alien 'on ... bond'—even remotely supports the imposition of [periodic bond hearings]"). Here, Petitioner's proper recourse is either to appeal the Immigration Judge's bond determination to the Board of Immigration Appeals or to seek reconsideration of the Immigration Judge's determination in immigration court.

For these reasons, the Court will deny the petition without prejudice.[1] An appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court

---

[1] Petitioner did not file a reply to Respondent's Answer. To the extent Petitioner can provide facts showing that his bond hearing was not bona fide, he is free to file a new petition. Or, to the extent Petitioner becomes subject to a final order of removal, he may file a new petition if his detention becomes unreasonably prolonged.